UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW MEXICO

In re:

MARK ESPARSEN,                                    No. 15-11414 ta7

      Debtor.

MARK ESPARSEN,

      Plaintiff,

v.                                                Adv. No. 15-1065 t

KATHLEEN ESPARSEN and
DEAN E. BORDER,

      Defendants.

## **MEMORANDUM OPINION**

In this adversary proceeding the Debtor-Plaintiff asks the Court to determine that certain

amounts owed to Defendants are dischargeable because they were not incurred in the course of a

divorce or separation as required by § 523(a)(15).[1]  Before the Court is Defendants' motion to

dismiss the adversary proceeding for failure to state a claim upon which relief can be granted.  The

matter has been fully briefed.  For the reasons set forth below, the motion will be granted.

I.      Standard for Evaluating a Motion to Dismiss

Rule[2] 12(b)(6) (made applicable by Bankruptcy Rule 7012) allows the Court to dismiss a

complaint for "failure to state a claim upon which relief can be granted."  "The nature of a Rule

12(b)(6) motion tests the sufficiency of the allegations within the four corners of the complaint

after taking those allegations as true."  *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994).

---

[1] Unless otherwise noted, all statutory references are to 11 U.S.C.
[2] A "Rule" means a Federal Rule of Civil Procedure and a "Bankruptcy Rule" means a Federal Rule of Bankruptcy Procedure.

The sufficiency of a complaint is a question of law, and when considering and addressing a Rule 12(b)(6) motion, a court must accept as true all well-pleaded factual allegations in the complaint, view those allegations in the light most favorable to the non-moving party, and draw all reasonable inferences in the plaintiff's favor. *Genesee County Employees' Retirement System v. Thornburg Mortgage Securities Trust 2006-3*, 825 F. Supp. 2d 1082, 1120-21 (D.N.M. 2011), citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Legal conclusions cast in the form of factual allegations need not be taken as true for Rule 12(b)(6) purposes. *See Ashcroft v. Iqbal*, 556 U.S. 662 ("the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions").

"[A] complaint must contain sufficient factual matter … to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (internal citations omitted). *See also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) (claim has facial plausibility when the allegations allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged).

When entertaining a motion to dismiss, a court is permitted "to take judicial notice of its own files and records, as well as facts which are a matter of public record." *Van Woudenberg v. Gibson,* 211 F.3d 560, 568 (10th Cir. 2000), *abrogated on other grounds* by *McGregor v. Gibson,* 248 F.3d 946, 955 (10th Cir. 2001). A court may also consider any documents to which the complaint refers, provided the documents are central to the plaintiff's claim and the parties do not dispute their authenticity. *See Jacobsen v. Deseret Book Co.,* 287 F.3d 936, 941–42 (10th Cir. 2002).

## II.     Plaintiff's Allegations

Plaintiff Mark Esparsen and Defendant Kathleen Esparsen were married in 1995.  They have a 15 year-old son.  The parties filed for divorce in 2014.  On April 14, 2015, the state court (Hon. Matthew Wilson) entered a Final Decree of Dissolution of Marriage.  The Final Decree did not award alimony to either party, but did allocate the couple's personal property and awarded a net "equalization payment" from Mr. Esparsen to Ms. Esparsen of $15,941.28 (the "Equalization Payment").  Defendant Dean Border was Ms. Esparsen's divorce lawyer.

Mr. Esparsen filed the above-captioned Chapter 7 case on May 29, 2015, while the divorce proceeding was pending.[3]

After entry of the Final Decree, Mr. Border filed in the divorce proceeding a Notice of Attorney Charging Lien and Retainer Lien.  He also filed a motion to withdraw as Ms. Esparsen's counsel.

After the charging lien was filed, Judge Wilson held a hearing on a motion Ms. Esparsen filed for an award of attorney fees.  At the time Mr. Esparsen had not paid the Equalization Payment to Ms. Esparsen.  Judge Wilson denied the motion on July 22, 2015, stating that "the Court will not award attorney fees."  He did rule, however:

> Counsel for Respondent has filed a valid Notice of Attorney Charging Lien and Retainer Lien and all equalization/judgment payments due from Petitioner to Respondent shall be paid from the Petitioner directly to Border Law Office.

---

[3] The automatic stay imposed under § 362(a) did not prevent the parties from pursuing the divorce action to conclusion.  *See* § 362(b)(2).

-3-

Mr. Esparsen alleges that in connection with this ruling, Judge Wilson "commented that [Ms. Esparsen] probably would not be able to satisfy this Charging Lien." The Court takes that to mean that absent the direct payment scheme, Mr. Border likely would not collect his fees.[4]

On August 21, 2015, Mr. Esparsen filed this adversary proceeding to determine whether the Equalization Payment is dischargeable. The Court entered its standard discharge order on September 24, 2015.

III.     Discussion

A.     Section 523(a)(15).

The question here is whether Mr. Esparsen's obligation to pay the Equalization Payment to Mr. Border is a debt--

> to a spouse, former spouse, or child of the debtor and not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, or a determination made in accordance with State or territorial law by a governmental unit.

Section 523(a)(15).

When the Final Decree was entered, there is no question that the Equalization Payment was owed by Mr. Esparsen to Ms. Esparsen "in connection with a . . . divorce decree . . . ." and thus was nondischargeable under § 523(a)(15). Mr. Esparsen argues Mr. Border's charging lien and Judge Wilson's July 22, 2015 order changed the character of the debt because it was no longer payable to Mr. Esparsen's "spouse, former spouse, or child."

Whether a particular debt is dischargeable is a question of federal law. *In re Sampson,* 997 F.2d 717, 721 (10th Cir. 1993). *See also In re Rodriguez,* 465 B.R. 882, 889 (Bankr. D.N.M. 2012)

---

[4] Ms. Esparsen would still be liable for the attorney fees; inability to pay does not negate liability.

(whether a debt is in the nature of support is a question of federal bankruptcy law, not state law); *In re Taylor,* 455 B.R. 799, 804 (Bankr. D.N.M. 2011), *affirmed*, 478 B.R. 419 (10th Cir. BAP 2012); *In re Loper,* 329 B.R. 704, 708 (10th Cir. BAP 2005).

Exceptions to discharge under § 523(a)(15) are construed more liberally than other provisions of § 523. *In re Taylor,* 478 B.R. 419, 427 (10th Cir. BAP 2012), *affirmed*, 737 F.3d 67 (10th Cir. 2013); *Prensky v. Clair Greifer LLP,* 2010 WL 2674039, at *3 (D.N.J. 2010). "One of Congress's overarching themes in enacting BAPCPA was to redefine and reinforce the ability of non-debtor former spouses to recover property settlement obligations from debtors in bankruptcy." *In re Wodark,* 425 B.R. 834, 838 (10th Cir. BAP 2010); *In re Bernritter*, 2014 WL 2718592 at *2 (Bankr. D. Kan. 2014) (quoting *Wodark*); *In re Baker*, 2013 WL 2606406, at *3 (Bankr. D.N.M. 2013) (same).

B.    Direct Payment to Third Parties.    A number of courts have addressed situations in which a divorce decree or order requires the debtor to pay a third party for the benefit of a former spouse. As discussed below, the phrase "a debt to a spouse, former spouse, or child" generally is construed to include such payments.

1.    Obligations to Pay Debts Owed by Both Spouses to Third Parties.    One divorcing spouse often agrees in a marital settlement agreement, or is ordered in a divorce decree, to pay a debt owed by both spouses. Most bankruptcy courts have held that such obligations are nondischargeable even though they are not directly payable "to a former spouse" because: (a) the debtor became liable to the former spouse to perform as ordered; and/or (b) the former spouse may be liable if the debtor does not pay. *See, e.g., Wodark,* 425 B.R. at 840 ("a pre-existing marital debt owed to a third party that is embodied in a domestic court order," … "is a *debt to a former spouse*" for purposes of § 523(a)(15), even without express indemnity language in the separation

-5-

agreement); *Stanley v. Stanley (In re Stanley),* 2013 WL 1336103 at *6 (Bankr. N.D. Ala. 2013) (former spouse's medical bills, which debtor was ordered to pay directly as part of a property settlement, were nondischargeable); *In re Shepard*, 2008 WL 5157898 (Bankr. D.N.M. 2008) (debts owed by debtor to third parties pursuant to the divorce decree were nondischargeable because former spouse was liable if debtor did not pay); *Gibson v. Gibson (In re Gibson),* 219 B.R. 195, 205 (6th Cir. BAP 1998) (same, but finding that express indemnification language was unnecessary).[5]

If the former spouse is not liable for the third party debt, on the other hand, the debt may not come within the § 523(a)(15) exception. *See, e.g., In re Brooks*, 371 B.R. 761 (Bankr. N.D. Tex. 2007) (debt to third party was dischargeable where former spouse was not personally liable, noting that "the typical scenario that Congress intended to prevent is when a spouse … is left out-of-pocket because of a debtor's bankruptcy filing").

      2.   <u>Divorce Court Orders that Debtor Pay Attorney Fees Incurred by Former Spouse</u>. If a debtor is ordered by a divorce court to pay her former spouse's attorney fees, via direct payments to the former spouse's lawyer, most courts have held that the obligation is nondischargeagble under § 523(a)(15) so long as the former spouse continues to be liable to her attorney. *See, e.g., Rooney and King v. Martin (In re Martin)*, 2012 WL 7637691 at *2 (Bankr. N.D. Ga. 2012) (debt payable to lawyer of former spouse nondischargeable); *Gilman v. Golio (In re Golio),* 393 B.R. 56, 63 (Bankr. E.D.N.Y. 2008) (court-ordered payments to former spouse's attorney are nondischargeable); *Zimmermann v. Hying (In re Hying),* 477 B.R. 731, 735 (Bankr.

---

[5] *See also Damschroeder v. Williams (In re Williams),* 398 B.R. 464, 469 (Bankr. N.D. Ohio 2008); *Burckhalter v. Burckhalter (In re Burckhalter),* 389 B.R. 185, 191 (Bankr. D. Colo. 2008); *Beggs v. Niewdach (In re Beggs),* 314 B.R. 401, 417 (Bankr. E.D. Ark. 2004); *Ruhlen v. Montgomery (In re Montgomery),* 310 B.R. 169, 180 (Bankr. C.D. Cal. 2004).

-6-

E.D. Wis. 2012) (same); *Morris v. Allen (In re Morris),* 454 B.R. 660, 663 (Bankr. N.D. Tex. 2011) (same).[6]

As one court explained:

[Former spouse] is the intended beneficiary of the obligation and possesses both the rights and remedies at state law to enforce the Order. It is immaterial that the debt is payable to [Law Firm]….The Debtor's obligation to pay the attorneys' fees does not evaporate simply because the trial court attempted to coordinate a more expeditious method of payment.

*Clair, Geifer LLP v. Prensky (In re Prensky),* 416 B.R. 406, 411 (Bankr. D.N.J. 2009), *aff'd,* 2010 WL 2674039 (D.N.J. 2010). This Court agrees that an order requiring direct payments to a former spouse's attorney does not automatically destroy the nondischargeable nature of a debt, so long as the former spouse remains liable.

3.    <u>Standing</u>. Standing questions sometimes arise. The former spouse clearly has standing to seek a nondischargeability ruling from the bankruptcy court, even if the debt in question is payable to a third party. On the other hand, if a proceeding is brought by the third party creditor seeking a ruling of nondischargeability, courts disagree about whether the creditor lacks standing because it is not a spouse, former spouse, or child. *Compare In re Olsen,* 355 B.R. 649, 657 (Bankr. E.D. Ten. 2006) ("if the debtor agrees to pay marital debts that are owed to third parties, those third parties do not have standing to assert the [§ 523(a)(15)] exception") with *Clair, Geifer LLP v. Prensky (In re Prensky),* 416 B.R. 406, 411 (Bankr. D.N.J. 2009) (creditor law firm

---

[6] *See also In re Monastra,* 2010 WL 3937354, at *3 (Bankr. E.D. Pa. 2010), citing *In re Tarone*, 434 B.R. 41, 49 (Bankr. E.D.N.Y. 2010); *In re Schenkein*, 2010 WL 3219464, at *5 (Bankr. S.D.N.Y. 2010); *In re Lilly*, 2012 WL 603771, at *4 (9th Cir. BAP 2012); *In re Johnson,* 445 B.R. 50, 58 (Bankr. D. Mass. 2011); *In re Andrews,* 434 B.R. 541, 547 (Bankr. W.D. Ark. 2010); *Aldrich v. Papi (In re Papi),* 427 B.R. 457, 462 (Bankr. N.D. Ill. 2010); *Howard v. Sullivan (In re Sullivan),* 423 B.R. 881, 883 (Bankr. E.D. Mo. 2010); *Landau & Assocs. v. Fricke (In re Fricke),* 2010 WL 5475808, *2 (Bankr. N.D. Ill. 2010).

had standing to assert § 523(a)(15) claim). The issue does not arise here because the Debtor brought the action and his former spouse is a party.

C. <u>Attorney Charging Liens in New Mexico</u>. "New Mexico cases have recognized that a charging lien 'is a peculiar lien, to be enforced by peculiar methods.'" *Potter v. Pierce*, 315 P.3d 303, 310 (N.M. App. 2013), *aff'd* 342 P.3d 54 (N.M. 2015) (quoting *Prichard v. Fulmer,* 159 P. 39 (N.M. 1916).

> The charging lien, as recognized by the courts, is the right of an attorney or solicitor to recover his fees and money expended on behalf of his client from a fund recovered by his efforts, and also the right to have the court interfere to prevent payment by the judgment debtor to the creditor in fraud of his right to the same . . . .

*Prichard,* 159 P. at 41. A charging lien acts as an "indirect payment" from the client to the attorney for services rendered. *Computer One, Inc. v. Grisham & Lawless, P.A.*, 188 P.3d 1175, 1180 (N.M. 2008) (quoting *Prichard*, 159 P. at 41).

In New Mexico, there are four requirements for the imposition of an attorney charging lien: (1) a valid contract between the attorney and the client; (2) a judgment, or "fund," that resulted from the attorney's services; (3) clear and unequivocal notice to the appropriate parties that the attorney intends to assert a lien; and (4) and timely notice, *i.e.* before the proceeds from the judgment have been distributed. *Computer One, Inc.,* 188 P.3d at 1180. The attorney charging lien must be filed in the same action that gave rise to the judgment. *Id.*

D. <u>The Equalization Payment Debt is Nondischargeable</u>. The key facts in this proceeding are:

- The Equalization Payment was nondischargeable under § 523(a)(15) before Mr. Border filed the charging lien and Judge Wilson intervened;
- Ms. Esparsen still owes Mr. Border for the unpaid attorney fees in question;

-8-

- Under New Mexico law, the payment by Mr. Esparsen to Mr. Border pursuant to a charging lien would be an "indirect" payment to Ms. Esparsen;
- There was no actual sale or assignment of Ms. Esparsen's claim for the Equalization Payment;[7]
- Judge Wilson's order that Mr. Esparsen pay Mr. Border directly arose "in the course of a divorce . . . in connection with a . . . divorce decree . . . [;]"
- If Judge Wilson had ordered Mr. Esparsen to pay the Equalization Payment to Ms. Esparsen, and then ordered her to give the funds to Mr. Border, there would be no issue about dischargeability; and
- The payment to Mr. Border will directly benefit Ms. Esparsen.

Based on these facts and the case law cited above, the Court is convinced that Mr. Esparsen's obligation to pay the Equalization Payment to Mr. Border is nondischargeable. Judge Wilson's order that Mr. Esparsen pay Mr. Border directly was an appropriate "equitable interference" in the matter, to effect an "indirect payment" from Mr. Esparsen to Ms. Esparsen, thereby reducing her debt to Mr. Border. The situation here, although somewhat unique, is similar to both the line of cases about direct payments to third parties and the line of cases dealing with orders to pay the former spouse's attorney fees. The fact that Judge Wilson did not award attorney fees does not, as Mr. Esparsen argues, materially distinguish this case. Ms. Esparsen will benefit from Mr. Esparsen's payment to Mr. Border, as she would still be liable if Mr. Esparsen failed to pay him. In short, Mr. Esparsen cannot receive a windfall because, instead of ordering a series of

---

[7] Some courts have ruled that the assignment/sale of a § 523(a)(15) claim may destroy its nondischargeable character. *See In re Thompson,* 2009 WL 3029644 (Bankr. D. Md. 2009) (title company's claim against the debtor, which was assigned to it by the debtor's former spouse, did not come within § 523(a)(15)); *Estate of John Hisaw v. Poppleton (In re Poppleton)*, 382 B.R. 455, 458 (Bankr. D. Idaho 2008) (probate estate of deceased former spouse cannot assert § 523(a)(15) claim because the estate is not a spouse, former spouse, or child of the debtor); *Estate of Donald Bryant v. Diana Bryant (In re Bryant),* 260 B.R. 839 (Bankr. W.D. Ky 2001) (same). Because Judge Wilson's order is not tantamount to an assignment, the Court need not rule on whether voluntary assignments, and/or involuntary assignments other than attorney charging liens, alter the nondischargeable character of claims that started as § 523(a)(15) claims.

-9-

sequential payments among the parties, Judge Wilson "attempted to coordinate a more expeditious method of payment." *Prensky,* 416 B.R. at 411.

IV.    <u>Conclusion</u>

The Equalization Payment was nondischargeable under § 523(a)(15) when it arose. Neither the filing of the attorney charging lien nor Judge Wilson's order that the Debtor pay Mr. Border directly changed the character of the debt.

The Court will grant Defendants' motion to dismiss. A separate order will be entered.

_____
Hon. David T. Thuma
United States Bankruptcy Judge


Entered: February 4, 2016.

Copies to:

Douglas Booth
12223 S. St. Francis Dr., Ste. C
Santa Fe, NM  87505-4053

Denise J. Trujillo
10400 Academy Rd. NE, Ste. 350
Albuquerque, NM  87111

-10-